# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 1:19-cr-0130-LY |
| | § | |
| MAGALY ORTIZ-CABRERA (11) | § | |

## ORDER

Before the Court is the Motion for Continuance (Dkt. No. 334), filed by the Defendant, requesting that the Court reset the hearing on the Government's Sealed Motion seeking to reopen the detention hearing in this case. The Court set the motion for a hearing on October 23, 2019. In the motion for continuance, the Defendant notes that the "Government and Defendant agree that a continuance is necessary to allow time for Defendant to attend [the] hearing." Dkt. No. 334 at 1. The reason that Ms. Ortiz-Cabrera needs "time to attend the hearing" is that, although the Court entered conditions of release and Ms. Cabrera was released by the U.S. Marshal, upon her release, Immigration and Customs Enforcement agents immediately took her into custody to initiate deportation proceedings and she remains in I.C.E. custody.

Indeed, yesterday the Government filed an Application for Writ of Habeas Corpus Ad Prosequendum (Dkt. No. 335), in which it requests that the Court issue a writ "addressed to the Warden, ICE/PEARSALL, commanding him to surrender [Ortiz-Cabrera] into the custody of the United States Marshal . . . and directing said Marshal to bring said Defendant to Austin, Texas . . . for the purpose of said proceeding. . . ." Dkt. No. 335 at 1. There are several reasons why the Court cannot approve this Application. The primary reason is that the Court lacks jurisdiction to interfere with immigration proceedings, as Congress has vested that power solely in the immigration courts, and, in the event of an appeal, in the federal circuit courts of appeal. 8 U.S.C. § 1252(b)(9) &

1252(g); *see also Velasquez v. Nielsen*, 754 Fed. App'x 256, 261 (5th Cir. 2018); *Santa Maria v. McAleenan*, 2019 WL 2120725 *2 (S.D. Tex. May 15, 2019). Second, the Court has already considered the issue of whether Ms. Ortiz-Cabrera should be in the custody of the U.S. Marshal, and found that she should not. There is no other basis on which the Court could properly order the Marshal to take Ms. Ortiz-Cabrera into custody at this time, as there is no allegation that she has violated the conditions of her release or is otherwise guilty of a contempt of court. In fact, it appears unlikely there is a basis for *any* entity other than I.C.E. to maintain custody of Ms. Ortiz-Cabrera. The only pending criminal charge against her is the present case, and she has been released on conditions in that case. Other than her lack of legal status in the United States, it is hard to imagine any other ground on which law enforcement or a government agency has the authority to arrest her. Thus, even if the Court had the power to order I.C.E. to release Ms. Ortiz-Cabrera, it would be improper for the Court to order any other entity to take her into its custody, as there is no legal basis to support that.

There is, of course, a very simple solution to this problem. If the Department of Justice and D.E.A. would like to prosecute Ms. Ortiz-Cabrera, then they need to coordinate that prosecution with I.C.E. But if I.C.E. refuses to cooperate to permit that prosecution, the Department of Justice is wrong to ask the Court to intervene. If Executive Branch agencies have a conflict prioritizing the criminal and immigration proceedings involving Ms. Ortiz-Cabrera, it is not the Judicial Branch's place to resolve that conflict by issuing a writ of habeas corpus, or any other process. Rather, it is the Executive Branch's problem to solve. There is a single executive, and if need be, it is up to the Executive to resolve conflicts between Executive Branch agencies. For the Judicial Branch to step in to resolve such conflicts would pose serious separation of powers concerns.

The issues presented by the DOJ's request for the Court to order I.C.E. to release Ms. Ortiz-Cabrera are the very same issues that have caused other courts faced with these same circumstances to ultimately determine they had no choice but to dismiss the criminal charges against such defendants. *See, e.g., United States v. Boutin*, 269 F. Supp. 3d 24 (E.D.N.Y. 2017); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1180-81 (D. Or. 2012). It is untenable for a court to meet its obligations under the Speedy Trial Act, not to mention the Constitution, if it has no control over ensuring the presence in court of the defendants charged with crimes in the cases before it. As the Executive Branch has chosen to take custody of Ms. Ortiz-Cabrera, the Court no longer has the ability to ensure her presence in court as needed in this case, and by doing so the Executive Branch is interfering with its own criminal prosecution.

Accordingly, the Motion for Continuance (Dkt. No. 334) is **GRANTED**, and the hearing on the Government's Sealed motion to reopen the detention hearing is **RESET** to October 28, 2019, at 2:30 p.m. The Government's Application for Writ of Habeas Corpus Ad Prosequendum (Dkt. No. 335) is **DENIED**, and it shall be the duty of the government to ensure Ms. Ortiz-Cabrera's presence at the hearing. If she is not present, the undersigned will report the same to the district judge presiding over this case, so that he may decide whether to dismiss the charges against Ms. Ortiz-Cabrera.

SIGNED this 24th day of October, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE